# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                       **Case No. 03-20064-JWL**

**Francisco Bernal-Martinez,**

       **Defendant.**

## **ORDER**

On July 8, 2014, the government filed a motion requesting permission to disclose the presentence investigation report in this case to the Bronx County District Attorney's Office in New York, where Mr. Bernal-Martinez has been charged with attempted murder in the second degree. In its motion, the government asserts that the PSR will not be utilized "to aid in the prosecution" of the state crime, but will "assist the court with regard to issues relating to competency and danger to the community." In its reply, the government clarifies that the Assistant District Attorney has asked for access to the PSR so that the material contained therein may be used for impeachment purposes if Mr. Bernal-Martinez testifies in the state court case.[1] The government further suggests that the PSR would be relevant to and useful for plea

---

[1] Pursuant to *People v. Sandoval*, 34 N.Y.2d 371 (1974), the prosecutor, at the request of the defendant and prior to the commencement of jury selection, must notify the defendant of all prior criminal convictions and instances of prior bad acts of which the prosecutor has knowledge and which the prosecutor intends to use at trial for purposes of impeaching the credibility of the defendant. At the defendant's request of the trial court, the court must then conduct a *Sandoval* hearing prior to trial to rule on the admissibility of such evidence. According to the government, the information in the PSR is "necessary" to the prosecution's showing in any *Sandoval* hearing in the state court case.

negotiations in the state court case as it bears on Mr. Bernal-Martinez's felon status (and that the PSR would be provided to the court and to defense counsel in such circumstances); and that the information contained in the PSR would be relevant to the court in determining an appropriate sentence for Mr. Bernal-Martinez in connection with any state court conviction. Mr. Bernal-Martinez opposes the motion on the grounds that the state court matter bears no relationship to this case and that the information contained in the PSR may serve to bias the state court against Mr. Bernal-Martinez.

In general, PSRs are not public records and may not be released to third parties. *United States v. Wayne*, 591 F.3d 1326, 1334 n.7 (10th Cir. 2010) (citing Fed. R. Crim. P. 32(c)(1)(A), (e)(2) (authorizing release of PSR to the court, the defendant, the defendant's attorney and the government's attorney)); *see also United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988) (courts have been "very reluctant to give third parties access to the presentence investigation report . . . and have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report."); *United States v. Iqbal*, 684 F.3d 507, 510 (5th Cir. 2012) (PSR confidentiality derives from judicial practice reflecting "powerful policy considerations" supporting a presumption against disclosure).[2]  Confidentiality, however, is not absolute and the Tenth Circuit has recognized that disclosure may be appropriate "to serve the interests of justice." *Wayne*, 591 F.3d at 1334 n.7.  In resolving a motion to disclose a PSR, courts typically balance the specific considerations underlying the policy of confidentiality against the demonstrated need for disclosure. *See, e.g., Iqbal*, 684 F.3d at 510-11.

---

[2] The local rules of the District of Kansas contemplate the disclosure of PSRs to the United States Parole Commission and the Bureau of Prisons for the limited purpose of enabling those agencies to carry out their official functions. *See* D. Kan. Local Rule CR32.1.

As explained by the Fifth Circuit in *Iqbal*, there are three primary policy considerations underpinning PSR confidentiality:

> First, the defendant has a privacy interest in the [PSR] because it reveals not only details of the offense but, in the broadest terms, any other information that may aid the court in sentencing. This can include the defendant's physical, mental, and emotional condition, prior criminal history (including uncharged crimes), personal financial information, educational status, and more. That the defendant has . . . been convicted of a crime does not require the dissemination of his entire personal background in the public domain. Further, PSRs, not subject to judicial rules of evidence, may contain errors; while Rule 32 provides a defendant an opportunity to correct these errors, a PSR is rarely revised to remove misinformation. Second, PSRs often rely on confidential sources in gathering information about the defendant's involvement in criminal activity; regularly breaching the PSR's confidentiality could severely compromise the government's access to information. Finally, the court relies heavily on the PSR to impose a just sentence. If the defendant or cooperating third parties could reasonably fear the regular release of PSR-gathered information, it could stifle or discourage that vital transmission of information by defendants and third parties, thereby hampering the court's ability to impose a sentence consistent with the Sentencing Guidelines.

*Iqbal*, 684 F.3d at 510 (citations omitted). Applying these factors to this case, the court concludes that disclosure of the PSR in the limited circumstances described herein does not impinge on any policy reasons for maintaining confidentiality. There is no reasonable argument to be made that disclosing the PSR to the prosecutor, defense counsel and state court judge in the state court proceeding against Mr. Bernal-Martinez will compromise confidential informants or other governmental access to information. *See id.* at 511. Similarly, there is no argument here that the limited release of the PSR to the lawyers and the judge in the state court proceeding would have a chilling effect on the free flow of information that is vital to PSR-related inquiries and interviews. *See id.* And while the dissemination of private information about a defendant, or the potential for disclosure of misleading or inaccurate information about a defendant, is arguably the most concerning from a defendant's perspective, this factor is not a cause for

3

concern in this case. Mr. Bernal-Martinez does not assert that any of the information contained in the PSR is incorrect and he does not assert any particular privacy interest in any of the information contained therein. Moreover, Mr. Bernal-Martinez did not assert any objections to any information in the PSR and he did not raise any objections at his sentencing hearing. Thus, despite Mr. Bernal-Martinez's assertion that the state court judge may become biased against him upon reviewing the information contained in the PSR, that concern does not tip the balance in favor of non-disclosure in the absence of any argument that the PSR is misleading or inaccurate.

In addition to concluding that the policy considerations underlying confidentiality are not implicated here, the court further concludes that the government has demonstrated a particularized need—beyond mere relevance—for disclosure of Mr. Bernal-Martinez's PSR to the prosecutor in the state court case, to Mr. Bernal-Martinez's counsel in the state court case, and to the judge in the state court case. As explained by the government, the PSR will be used for the limited purposes of impeaching Mr. Bernal-Martinez's credibility in the event that Mr. Bernal-Martinez elects to testify at trial and assisting the judge and the parties with issues relating to Mr. Bernal-Martinez's sentence in the event of a conviction. These purposes are appropriately focused toward and directly related to the pursuit of justice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's motion to disclose presentence investigation report (doc. 39) is **granted.**

**IT IS FURTHER ORDERED BY THE COURT THAT** the government shall disclose Mr. Bernal-Martinez's PSR to the Bronx County District Attorney's Office; Mr. Bernal-Martinez's defense counsel in the state court case; and the judge in the state court case. Further disclosure of the PSR is prohibited unless expressly authorized by this court.

**IT IS SO ORDERED.**

Dated this 3rd day of September, 2014, at Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge